## McCARTY v. NEILSON.

### (District Court, E. D. Pennsylvania. January 29, 1917.)

### No. 3900.

1. USURY ⬢⟿111(3)—ACTION TO RECOVER—STATEMENT OF CLAIM.

The cause of action, set forth in a statement of claim, being that plaintiff borrowed money from defendant, and in discharge of the obligation defendant received a sum in excess of that loaned and legal interest, and plaintiff has demanded return of the usurious interest thus exacted, making his demand and bringing his action within the statutory period, the statement of claim alleging, as the means through which defendant received the money, the distribution to defendant of plaintiff's share in an estate, is not defective in not setting forth the full record of the proceedings in the matter of the estate.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 297; Dec. Dig. ⬢⟿ 111(3).]

2. PLEADING ⬢⟿155—AFFIDAVIT OF DEFENSE—ADDING TO STATEMENT OF CLAIM.

Practice Act (Act Pa. May 14, 1915 [P. L. 483]) § 20, allowing defendant in his affidavit of defense to raise any question of law, without answering the averments of fact in the statement of claim, which question may be set down for hearing and disposed of in limine, does not allow defendant by his affidavit of defense to practically incorporate into the statement of claim matter unnecessary therefor, but constituting a defense, and thereon raise a question of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 309–311, 313, 314; Dec. Dig. ⬢⟿155.]

At Law. Action by John C. McCarty against William D. Neilson. Sur rule for judgment upon affidavit of defense in law. Rule discharged.

Jere J. Crowley, of Philadelphia, Pa., and Wilton Snowden, Jr., of Baltimore, Md., for plaintiff.

John Douglass Brown, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The statement of claim avers a cause of action arising out of the fact that the plaintiff, who had barely reached his majority, was a distributee of the estate of Marie E. McCarty, and being in need of money applied for and ultimately secured from the defendant the loan of a sum of money, for which his interest in said estate was pledged as security, the pledge taking the form of an absolute assignment of his interest. There are other averments to the effect that the substantial sum advanced was $1,000, and that the defendant received as the fruit of the pledge the sum of $8,-500 in the distribution of the estate in which the plaintiff had a share. The plaintiff admits the right of the defendant to retain out of his distributive share of said estate the advances made by the defendant by way of loan, together with interest thereon, but claims the balance of the sum received by the defendant, to wit, $5,424.31.

The statement of claim, in paragraph 8 thereof, sets forth as a fact an adjudication in the estate of the decedent, and following this a de-

cree of distribution fixing the share and interest of the plaintiff in the estate, and awarding it to the defendant as his assignee, and attaches what purports to be a copy of the decree of distribution. The affidavit of defense avers this record of the proceedings in the orphans' court to be incomplete, and sets forth what is further averred to be a true copy of the distribution. This brings into the decree the added thought of the consent of the plaintiff to the distribution as made, and lays ground for the defense set up that the ownership of this share had been determined by the orphans' court, and that the claim presented in the present case had thereby been adjudicated and determined, and the plaintiff, in consequence, precluded from again asserting title to the property, the ownership of which is claimed in this action.

[1, 2] The affidavit of defense is filed under section 20 of the Ralston Act. It seeks to raise a substantial defense to the action by invoking the res adjudicata doctrine. It also incorporates exceptions going to formal defects in the statement of claim. One of the latter, and the only one urged at the argument, is that the statement of claim is defective, in that it does not exhibit the full record of the orphans' court relating to the distribution of the decedent's estate. A disposition of the question of the sufficiency of the statement in this respect will dispose of all the questions upon which we now feel required to pass.

The cause of action set forth in the statement of claim is essentially this: The plaintiff borrowed from the defendant a sum of money, and in discharge of the obligation the defendant received a sum of money in excess of the sum loaned and legal interest thereon, and the plaintiff has demanded the return of the usurious interest thus exacted, and has both made his demand and brought his action within the period limited by the act of assembly. The only relation which the distribution of the estate of the decedent has to this transaction is that it was the means through and by which the defendant received the moneys, the return of a part of which is now demanded. If it be a fact in the case that it had been determined by a court of competent jurisdiction that the transaction upon which the plaintiff bases his claim was not a loan transaction, but the sale of property, this would be a defense which the defendant might set up, but would not be a matter of defense which the plaintiff was obliged to disclose. The defendant concedes that the plaintiff has not disclosed it, but seeks to bring it upon the record by presenting it through an affidavit under section 20 of the act of assembly to which reference has been made.

We are of opinion that the defendant cannot in this way secure a right to the judgment for which section 20 provides. The defendant may, of course, present the defense indicated through and by an affidavit of defense, but when so presented it is presented primarily as a fact, and the fact must in some way be found before the court can pronounce its judgment upon the law. Such an affidavit is not that to which section 20 applies, but is the affidavit of the facts, the disposition of which is provided for in other sections of the act. When such an affidavit of defense, upon the facts averred therein, is presented,

the plaintiff, if he so elects, may test its sufficiency by a rule for judgment; but the defendant cannot, and must await some method of having the fact determined before he is entitled to a judgment in his favor. A plaintiff would have the right (although not bound to do so) to bring on a test of the sufficiency of such an anticipated defense by averring and thereby admitting the facts upon which the defense rested. Defendant might then file an affidavit of the legal defense which would then arise out of the statement of claim. This would raise a question of practice under the Ralston Act.

If the fact of the defense thus incorporated in the statement of claim was the sole defense upon which the defendant relied, and a stipulation to this effect were made, the court could proceed to enter a final judgment. Where, however, the defendant wished to urge other defense, then the court would not be in a position to render a judgment, which would surely be a final disposition of the case, although it might be technically a final judgment. Being such a final judgment, if rendered in favor of the defendant, the plaintiff would have his right of appeal, and we would in consequence have introduced the evils of the system of appeals from interlocutory judgments. Because of this, as observed in other cases, the better practice, to which this court, until the practice is otherwise authoritatively settled, will adhere, is, where the question of law raised under section 20 is one which will inhere until trial and thereby become a trial question, it will be disposed of as such, and the power to rule it in limine, conferred by section 20 of the Ralston Act, will not ordinarily be exercised.

The rule of the defendant for judgment in his favor upon the affidavit of defense filed is discharged.

3. **INTERNAL REVENUE** ⬅⟶28—CORPORATIONS—COLLECTION OF TAXES.
   Where a tax of a fixed percentage like the one imposed by Excise Law of 1909 on corporations is so definitely described in the statute that its

---

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes